[Cite as *Garrett v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2176.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODERICK GARRETT

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-04858

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

DECISION

**{¶ 1}** On February 3, 2010, the magistrate issued a decision recommending that the court issue a determination that Henry Berlin is not entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case. On April 5, 2010, the court adopted the magistrate's recommendation.

**{¶ 2}** On February 25, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. Defendant's motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

**{¶ 3}** Civ.R. 56(C) states, in part, as follows:

**{¶ 4}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 5}** At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Corrections Medical Center (CMC) pursuant to R.C. 5120.16. Plaintiff alleges that on October 7, 2008, while he awaited transport from CMC to The Ohio State University Medical Center, nurse Henry Berlin touched plaintiff in an inappropriate sexual manner. Defendant argues that inasmuch as Berlin is not entitled to civil immunity, defendant cannot be held liable to plaintiff under the theory of respondeat superior. The court agrees. Indeed, an employer is not liable under the doctrine of respondeat superior for self-serving acts of employees that do not facilitate or promote the employer's business. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 59.

**{¶ 6}** With regard to plaintiff's remaining claim of negligent hiring, retention, or supervision, the elements of such a claim are: 1) the existence of an employment relationship; 2) the employee's incompetence; 3) the employer's actual or constructive knowledge of such incompetence; 4) the employee's act or omission causing plaintiff's injuries and 5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. *Evans v. Ohio State Univ.* (1996), 112 Ohio App.3d 724.

**{¶ 7}** In support of its motion, defendant provided the affidavits of Ginny Hardin and Cary Sayers. Hardin states in her affidavit:

**{¶ 8}** "1. I am employed as a full-time employee by Wise Medical Staffing, Inc. (Wise) as the Staffing Manager.

**{¶ 9}** "2. I have personal knowledge of and I am competent to testify to the facts contained in this Affidavit.

**{¶ 10}** "3.     My job duties at Wise include recruiting and hiring employees to work for various facilities, including [defendant].

**{¶ 11}** "4.     Wise * * * is a staffing agency that provides medical professionals to various facilities throughout the United States of America, including medical facilities in Ohio such as [CMC] in Columbus, Ohio.

**{¶ 12}** "5.     Henry Berlin submitted an employment application to Wise on September 17, 2007 to work as a licensed practical nurse (LPN).   On or about September 18, 2007, Wise began a background check to verify the credentials of Mr. Berlin.

**{¶ 13}** "6.     Wise's background check included verification that Mr. Berlin had a valid license with the State of Ohio as an LPN.  Wise spoke with two of the professional references Mr. Berlin listed on his application and both provided a favorable reference for Mr. Berlin.  The Ohio Bureau of Criminal Identification and Investigation performed an investigation of criminal records which revealed no records of a criminal history by Mr. Berlin.  Wise checked the records of the Office of Inspector General, which did not list any previous charges of abuse.  Additionally, a drug test performed on Mr. Berlin had negative results.

**{¶ 14}** "7.     Mr. Berlin began his employment as an independent contractor with Wise on December 31, 2007.  He started work as an LPN on that very same day at CMC, and shortly thereafter also performed work at CMC as a registered nurse (RN).

**{¶ 15}** "8.     On October 23, 2008, CMC notified Wise that there was an investigation surrounding a complaint made against Mr. Berlin.  Also on that day, CMC told Wise that Mr. Berlin was not to return to CMC.  On October 28, 2008, Wise was informed by the Ohio State Highway Patrol that the complaint against Mr. Berlin involved the sexual abuse of two different inmates at CMC.  Wise has no knowledge of any other complaints whatsoever regarding Nurse Berlin prior to such date.  The last day Mr. Berlin performed work in connection with Wise was on October 22, 2008.

**{¶ 16}** "* * *

**{¶ 17}** "10.    Based upon Mr. Berlin's education, licensure, prior work history, reference checks, criminal check, and drug screening, Wise reasonably believed that Mr. Berlin was fit and competent to perform work for CMC in his licensed capacity.

Wise had no indications and had no reason whatsoever to believe that Mr. Berlin would sexually assault an inmate or behave in any manner other than that of a professional LPN and RN."

{¶ 18} Sayers states in his affidavit:

{¶ 19} "1.    I am currently employed as a full-time employee by [defendant] as Corrections Warden Assistant 1, which is more commonly known as an investigator.  I work at CMC located in Columbus, Ohio.

{¶ 20} "2.    I have personal knowledge of and I am competent to testify to the facts contained in this Affidavit.

{¶ 21} "3.    My job duties at [defendant] include investigating incidents throughout the institutions, performing background checks on prospective * * * employees, and inspector duties relating to the inmate grievance process.

{¶ 22} "4.    [Defendant] formerly worked with [Wise] to gain referrals of potential employees. * * * Wise referred Nurse Henry Berlin to [defendant] on or about December 21, 2007 to work at CMC as a licensed practical nurse.

{¶ 23} "5.    After Wise referred Mr. Berlin to [defendant] as a potential employee, I investigated Mr. Berlin's background utilizing the following resources:

$    "The Department Offender Tracking System (DOTS) Portal was used to determine if, in the approximately one year time period prior to the date of inquiry, Mr. Berlin had been incarcerated in an Ohio prison and/or had been in the visiting list of any then-current or former inmates.

$    "The Inmate Phone System was searched for the approximately one year time period prior to the date of inquiry to see if any inmate in the Ohio prison system had made phone calls to Mr. Berlin's phone number and whether such phone calls were accepted.

$    "Records of the Franklin County Court of Common Pleas, the Ross County Court of Common Pleas, the Scioto County Court of Common Pleas, the Franklin County Municipal Court, the Chillicothe Municipal Court, and the Portsmouth Municipal Court were searched for any records relating to Mr. Berlin.

$ "The Law Enforcement Automated Data System (LEADS) was searched to ensure the validity of Mr. Berlin's driver's license and to find out if there were any outstanding warrants for Mr. Berlin.

$ "The National Crime Information Center (NCIC) was searched to find out if Mr. Berlin had any records of criminal history nationwide.

{¶ 24} "6. Based upon my notes, nothing more than a speeding ticket was discovered from all of the above-listed inquiries.  Mr. Berlin had no criminal records or any records that would lead me to question Mr. Berlin's ethics or abilities.

{¶ 25} "7. Based upon the extensive research performed by both Wise and [defendant] prior to Mr. Berlin's employment at CMC and due to the absence of any prior complaints, [defendant] had no reason to suspect that Mr. Berlin would sexually assault an inmate.

{¶ 26} "8. Mr. Berlin was banned from all [of defendant's] institutions once [defendant] was notified of the allegations of misconduct made against him."

{¶ 27} Based upon the unrebutted affidavits provided by defendant, the only reasonable conclusion to draw from the evidence is that defendant had no reason to believe that Berlin would touch plaintiff or any other inmate in a sexually inappropriate manner.  Additionally, plaintiff presented no evidence which would call into question either defendant's training or supervision of nurse Berlin.  Therefore, plaintiff's claim of negligent hiring, training, or supervision fails as a matter of law.  Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODERICK GARRETT

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
Case No. 2009-04858

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Eric A. Walker                           Richard F. Swope
Assistant Attorney General               6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor          Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/cmd
Filed April 27, 2010
To S.C. reporter May 14, 2010